Hillsborough,
No. 5179.

STATE

*v.*

RALPH A. CHANCE.

Argued November 5, 1963.
Decided December 3, 1963.

*William Maynard,* Attorney General, and *Frederic T. Green-halge,* Assistant Attorney General (*Mr. Greenhalge* orally), for the State.

*Green, Green, Romprey & Sullivan* (*Mr. Samuel Green* by brief and orally), for the defendant.

*Ralph A. Chance* (by brief) pro se.

PER CURIAM. The defendant's contentions, as set forth in the brief and oral argument by his counsel and in his own exhaustive supplementary brief filed pro se, after, at his request, he had been furnished with the record, come down to the questions of whether the evidence was sufficient to support the verdicts of guilty on the several assault charges, whether the defendant had a fair trial, and whether the sentences were excessive.

In regard to the issue of a fair trial, a major complaint of the defendant is that he was not properly represented by his counsel. It appears that the defendant himself had requested that this particular attorney, Samuel Green, Esq., a man of long experience and high standing at the Bar, be assigned to him. The Trial Court, in denying the defendant's motion for a rehearing, at which time this objection was raised, stated that the case "was well prepared, well tried and that you had . . .

a fair trial. . . ." A thorough examination of the entire transcript fully supports these conclusions. It appears that the defendant's counsel conducted the defense energetically and skillfully. The defendant's claim that his rights were not properly protected by his lawyer finds no support in the record.

In addition, the Trial Court allowed the accused every latitude throughout the proceedings, permitting him personally to conduct the cross-examination of witnesses whom his attorney had already cross-examined, and ordering the summons of certain persons whom the defendant desired to have present to testify. Nothing improper appears to have occurred at any time which in any manner prejudiced the defendant. The Presiding Justice's findings that the trial was fair and the defendant competently represented are sustained, and the exceptions thereto are overruled.

The accused's claim that the evidence was insufficient to support the convictions on the charges of assault with intent to kill his wife Gloria Chance and his mother-in-law Antoinette Fay, on May 21, 1962, demands that the jury accept his version of what happened and reject the testimony of the complainants and the supporting witnesses. The same is true of the charge of simple assault upon Marcel A. Briand on April 30, 1962. No reason appears why the jury were not at liberty to reject the defendant's story and accept that of the complainants and other witnesses. Without detailing all the circumstances, it is sufficient to say that the record fully sustained the verdicts of guilty on all the above charges of assault.

The conviction of the defendant of a simple assault on his wife on March 26, 1962, is also warranted. Here again the jury were not compelled to accept the defendant's denial of the crime in the face of other testimony.

With reference to the charge that the defendant willfully damaged Briand's automobile by breaking the windshield and front window with rocks and slashing the rear tire with a knife, no question is raised. Indeed, the defendant himself admits that he did these things. The verdict of guilty on this complaint is unimpeachable. *State* v. *Farwell*, 102 N. H. 3.

The Court sentenced the defendant to not more than seven or less than three years upon each of the convictions for assault with intent to kill — the sentences to run concurrently. The order upon all convictions appealed from the Manchester municipal court was "continued for sentence."

The evidence warranted the conclusion that the defendant bound and held both his wife and his mother-in-law, threatening to kill them both with a knife which he thrust at them from time to time. He terrorized them for a substantial period and defied all attempts to rescue his mother-in-law — his wife having finally escaped — until he was overpowered by the police. The maximum penalty for each of these offenses under RSA 585:23 is twenty years. In all the circumstances the sentences cannot be said to have been excessive.

In conclusion, we hold that the defendant had a fair trial, free from error, and the order is

*Exceptions overruled.*